## Commonwealth v. Balutanski

*Jonathan C. Valentine*, for Commonwealth.

*Francis P. Burns*, for defendant.

SCHIFFMAN, J., January 15, 1968.—Defendant in the above captioned matter pleaded guilty to the riotous destruction of property. His plea was accepted, and he was sentenced to one and one-half to three years' imprisonment on December 11, 1967. On January 10, 1968, defendant filed a petition asking that he be provided with certified copies of warrants, indictments, bills of particulars and the notes of testimony relating to this matter.

Defendant's request is made within the time prescribed in the Act of May 1, 1907, P. L. 135, sec. 2, as amended. However, defendant under the provisions of that act is not entitled to anything but notes of testimony. Such things as indictments, warrants and bills of particulars are clearly not included within the terms of the above statute: Commonwealth v. Hayes, 30 D. & C. 2d 637; Commonwealth v. McCartney, 45

Wash. Co. 29. Furthermore, one who pleads guilty to a charge is not normally entitled to the notes of testimony of a trial, since, in fact, there was no trial: Commonwealth v. Hayes, supra; Commonwealth v. Rockwell, 20 Fayette 90. However, the court did consider the testimony of various witnesses after the guilty plea before arriving at a verdict. We direct that defendant be provided with the notes of testimony of those witnesses.

Petitioner requested receipt of other documents. These may be observed or secured by him, or anyone in his behalf, from the clerk of courts in accordance with compliance with requirements as set forth in Commonwealth v. Hayes, supra.

Accordingly, we enter the following

### ORDER

Now, January 15, 1968, the petition of defendant, Nicholas Balutanski, for copies of the notes of testimony in the above entitled matter is granted. It is directed that such copy shall be made forthwith by the court stenographer, and shall be promptly forwarded to petitioner. Costs to be paid by Luzerne County.

The request for receipt of documents other than the notes of testimony at the county's expense is hereby denied and dismissed.